FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2019 MAY 20 PM 3: 21

CLIFFORD EATON,

        Plaintiff,

    vs.

SYNCHRONY BANK,

        Defendant.

Case No. 6:19-CV-953-ORL-37-LRH

**COMPLAINT**

[Jury Trial Demanded]

NOW COMES the Plaintiff, Clifford Eaton, pro se, and for his complaint against the Defendant, Synchrony Bank, states and alleges the following:

1.    This is a lawsuit seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2.    The Court has jurisdiction over the parties to this action and the subject matter thereof pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to claims raised herein occurred within this judicial district.

4.    Plaintiff is a natural person and citizen of Otisville, New York.

5.    Plaintiff is a "consumer" as defined in the FCRA.

6.    Defendant is a federal savings association that conducts business throughout the United States and maintains its headquarters in Draper, Utah.

7.    Among other things, Defendant is in the business of issuing and servicing various consumer credit cards.

8.   As an issuer and servicer of consumer credit cards, Defendant is subject to the provisions of the FCRA.

9.   Defendant's credit card servicing center is located in Orlando, Florida.

10.   In the regular course of its business, Defendant obtains, reviews, and retains information from consumer reports (commonly referred to as "credit reports") from consumer reporting agencies (commonly referred to as "credit bureaus").

11.   On November 14, 2016, Defendant issued a BP gasoline credit card (hereafter referred to as "the BP account") to Plaintiff.

12.   On September 15, 2017, Defendant issued a JC Penney credit card (hereafter referred to as "the JC Penney account") to Plaintiff.

13.   Each account was governed by the terms of a contract between Plaintiff and Defendant, which authorized Defendant to obtain consumer reports on Plaintiff while servicing the accounts.

14.   On October 30, 2018, the JC Penney account was closed pursuant to Plaintiff's request and had a zero balance at that time.

15.   On November 6, 2018, the BP account was closed pursuant to Plaintiff's request and had a zero balance at that time.

16.   When the accounts were closed, the contractual relationship between Plaintiff and Defendant ended with respect to each account.

-2-

17.  On November 6, 2018, Defendant obtained a consumer report on Plaintiff from Trans Union, obstensibly for the purpose of servicing his BP account.

18.  On November 6, 2018, Defendant obtained a consumer report on Plaintiff from Trans Union, obstensibly for the purpose of servicing his JC Penney account.

19.  On November 7, 2018, Defendant obtained a consumer report on Plaintiff from Trans Union, obstensibly for the purpose of servicing a Wal-Mart account.

20.  Plaintiff does not have, nor has Plaintiff ever had, a Wal-Mart account.

21.  Under 15 U.S.C. § 1681b, a party may obtain a consumer report on a consumer only if it has a permissible purpose.

22.  Under 15 U.S.C. § 1681q, a party may not obtain information on a consumer from a consumer reporting agency under false pretenses.

23.  Defendant violated 15 U.S.C. § 1681b by obtaining consumer reports on Plaintiff on November 6, 2018 and November 7, 2018 without a permissible purpose.

24.  Defendant violated 15 U.S.C. § 1681q by falsely representing to Trans Union on November 6, 2018 and November 7, 2018 that it had a permissible purpose to obtain consumer reports on Plaintiff.

25.  Upon information and belief, Defendant's unlawful conduct was willful, as it was part of a policy or custom of obtaining consumer reports on former customers, where there is no

-3-

longer a permissible purpose for doing so.

26.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and is entitled to damages under 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant for actual and punitive damages, in amounts determined at trial, plus recovery of costs and attorney's fees incurred, and any further relief deemed just and proper by the Court.

Respectfully submitted,

Date: 5/16/19

CLIFFORD EATON
Reg. No. 12878-074
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000

Plaintiff, **pro se**

-4-